O

# United States District Court
# Central District of California

| | |
|---|---|
| RANDALL GARCIA, Individually and In behalf of the ESTATE OF JOHN GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>BROADWAY BY THE SEA, and DOES 1 THROUGH 50<br><br>Defendant. | Case № 2:21-CV-06892-ODW (AFMx)<br><br>**ORDER DENYING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL [21]** |

## I.   INTRODUCTION & BACKGROUND

Plaintiff Randall Garcia initiated this state law negligence action against Defendant Hacienda C.H., Inc. dba Broadway by the Sea in California Superior Court. (*See* Req. Judicial Notice ISO Notice of Removal Ex. 1 ("Compl."), ECF No. 3-1.) Garcia contends Defendant acted negligently in providing medical care to Garcia's father, causing Garcia's father's death from COVID-19 complications. (*Id.* at ¶¶ 8–14.) Defendant removed the action to this Court based on federal officer jurisdiction and federal question jurisdiction under a complete preemption theory. (*See* Notice of Removal, ECF No. 1.) This Court found that Defendant failed to establish federal subject matter jurisdiction and, on September 20, 2021, remanded the

case. (*See* Order Remanding, ECF No. 17.) Defendant requested a stay of the remand order "to provide Defendant an opportunity to file a Notice of Appeal." (Req. Stay 2, ECF No. 19.) The Court denied the request for a stay. (Order Den. Stay, ECF No. 20.)

On November 9, 2021, after the time to file a non-permissive appeal had expired, Defendant filed this Motion to Extend the Time to File Notice of Appeal, pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(5)(A). (Mot. Extend Time ("Motion" or "Mot."), ECF No. 21.) Defendant argues it missed the deadline to appeal due to its counsel's "accidental calendaring oversight." (*Id.* at 2.) No opposition was filed. (*See* Statement, ECF No. 22.) Having carefully considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument and **VACATES** the hearing on December 13, 2021. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court **DENIES** the Motion.

## II.  DISCUSSION

FRAP 4(a)(1)(A) requires a party to file a notice of appeal "within 30 days after the . . . order appealed from is entered." The Court entered the order remanding this action on September 20, 2021, meaning the deadline for filing a non-permissive appeal elapsed after October 20, 2021. (*See* Order Remanding.) A party may move for an extension of time to file a notice of appeal, including after the deadline has elapsed, provided (i) the motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expired," and (ii) the movant demonstrates excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). Defendant filed the Motion on November 9, 2021, which is within the thirty-day window of FRAP 4(a)(5)(A)(i). Therefore, the Court must determine only whether Defendant has shown excusable neglect or good cause. *Los Altos El Granada Invs. v. City of Capitola*, 583 F.3d 674, 682 (9th Cir. 2009).

The Court considers four factors in determining whether an attorney's failure to file is the result of excusable neglect: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id.* at 683 (quoting *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)). Beginning at the end, the Court finds the fourth factor weighs in Defendant's favor: beyond Defendant's delay in bringing this Motion, nothing in the record appears to indicate Defendant's bad faith. However, the remaining factors tilt against excusing Defendant's counsels' neglect.

Under the first and second factors, the prejudice, length of delay, and impact on judicial proceedings converge. Defendant contends Garcia will suffer no prejudice because Defendant has not delayed in bringing this Motion. (Mot. 5.) First, Defendant argues it waited only seven days after the expiration of the original thirty-day window, (*id.*), but the time to appeal elapsed on October 20 and Defendant filed the Motion on November 9. Thus, Defendant delayed in seeking this extension for twenty days beyond the original deadline, not merely seven. Further, this delay adversely impacts the judicial proceedings as it perpetuates needless uncertainty regarding the proper forum and prevents the state court proceedings from moving toward resolution. In this way, the delay also causes Garcia some degree of prejudice. Therefore, the first and second factors weigh slightly against finding excusable neglect.

The Court finds the third factor—reason for the delay, and whether it was within Defendant's control—dispositive. Defendant contends an excusable calendaring error caused its counsel to miss the deadline to appeal because its counsel's assistant was out of the office on the day the remand order issued, September 20, and she forgot to calendar the deadline upon her return the following day. (Decl. Colin M. Harrison ("Harrison Decl.") ¶ 8, ECF No. 21-3; Decl. Tonya

Jamois ¶ 5, ECF No. 21-6.) Even assuming this represents excusable neglect, September 20 was not the only date on which the deadline to file a notice of appeal arose. Indeed, the next day, Tuesday, September 21, Defendant requested a stay of the remand order to permit Defendant time to appeal, and on Friday, September 24, the Court denied Defendant's request. Defendant offers no explanation for the failure to calendar the missed deadline on these dates, when the deadline was certainly at issue. Additionally, Defendant's counsel contacted Plaintiff's counsel on October 14, the week before the time to appeal elapsed, to inform him of Defendant's intention to appeal. (Harrison Decl. ¶ 9, Ex. B.) Again, Defendant offers no explanation why the deadline to file a notice of appeal was not calendared then, when Defendant's counsel was clearly contemplating this very issue. On each of these dates, the error at issue here (failing to calendar the deadline to file a notice of appeal) was reasonably in Defendant's counsels' attention and easily within Defendant's counsels' control. Therefore, the Court finds that Defendant has not demonstrated excusable neglect or good cause to extend the time to file a notice of appeal.

### III.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Extend Time to File Notice of Appeal. (ECF No. 21.)

**IT IS SO ORDERED.**

December 10, 2021

                                        OTIS D. WRIGHT, II
                                UNITED STATES DISTRICT JUDGE